NIMROD et al. v. JANDRON.

Court of Appeals of District of Columbia.
Submitted December 7, 1927. Decided January 6, 1928.

No. 4579.

1. Indians ⚖⇒18—Intent of Congress and rules for carrying statute into effect should be considered in determining authority of Secretary of the Interior over restricted Indian estates (Act June 25, 1910 [36 Stat. 855], as amended by Act Feb. 14, 1913 [37 Stat. 678]).

In determining scope of authority vested in Secretary of the Interior over restricted Indian estates, intent of Congress in enactment of Act June 25, 1910 (36 Stat. 855), as amended by Act Feb. 14, 1913 (37 Stat. 678), and rules made by department for carrying requirements of statute into effect, should be considered.

2. Indians ⚖⇒18—Liberal rule of interpretation should be adopted in determining proper administration of restricted estates of Indians (Act June 25, 1910 [36 Stat. 855], as amended by Act Feb. 14, 1913 [37 Stat. 678]).

In considering scope of jurisdiction conferred on Secretary of the Interior over restricted estates of Indians under Act June 25, 1910 (36 Stat. 855), as amended by Act Feb. 14, 1913 (37 Stat. 678), liberal rule of interpretation should be adopted for proper administration of such estates.

3. Wills ⚖⇒108—Secretary of the Interior, after approving will of Indian allottee more than a year after Indian's death, held authorized to grant rehearing (25 USCA §§ 373, 331 et seq.).

Secretary of the Interior held authorized, under Act June 25, 1910, § 2, as amended by Act Feb. 14, 1913 (25 USCA § 373), to set aside approval of Indian's will more than year after death of Indian, who was allottee under Act Feb. 8, 1887 (25 USCA § 331 et seq.), and to grant rehearing, which was not based on fraud, but sought on ground that full and complete hearing was not had before examiner of inheritance.

4. Wills ⚖⇒108—Statutory limitation on time within which Secretary of the Interior may cancel Indian's will relates only to fraud (25 USCA § 373).

Limitation in Act Feb. 14, 1913, amending Act June 25, 1910, § 2 (25 USCA § 373), as to time within which Secretary of the Interior may cancel approval of Indian's will relates exclusively to fraud, and, being statute of limitations, should be strictly construed, and scope should not be enlarged beyond strict limitation of language employed.

5. Wills ⚖⇒108—Statute prescribing limitation of time for canceling approval of Indian's will should be strictly construed (25 USCA § 373).

Act Feb. 14, 1913, amending Act June 25, 1910, § 2 (25 USCA § 373), prescribing limitation of time within which Secretary of the Interior may cancel approval of Indian's will, being statute of limitations, should be strictly construed.

Appeal from the Supreme Court of the District of Columbia.

Suit by Julia Jandron against \Joseph Nimrod and another. Decree for plaintiff, and defendants appeal. Reversed and remanded, with directions.

Webster Ballinger, of Washington, D. C., for appellants.

S. T. Ansell and G. M. Wilmeth, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. In this case, one Sarah Tatabdoka, or Malewind, a member of the Yankton Sioux Tribe of Indians, was awarded an allotment of, land on the Yankton Sioux Reservation in South Dakota, under the Act of Congress of February 8, 1887, 24 Stat. 388 (25 USCA § 331 et seq.). The allottee died on May 9, 1923, leaving restricted real and personal property, consisting of part of the lands originally allotted her and the proceeds derived from a sale of a portion of said land. Appellants Nimrod and Hero are next of kin and heirs at law of decedent. In April, 1924, the examiner of inheritance, probate officer on the reservation, gave notice of a hearing to determine the heirs of the deceased pursuant to regulations issued and approved by the Secretary of the Interior under the Act of Congress of June 25, 1910 (36 Stat. 855), as amended by the Act of February 14, 1913 (37 Stat. 678), providing the procedure for the determination of the heirs and the approval or disapproval of wills devising restricted estates of deceased Indians.

At the hearing, what purported to be the last will and testament of the decedent, dated April 16, 1923, was offered by appellee, Julia Jandron, to whom, under the terms of the will, the bulk of decedent's estate had been devised. Appellants protested the alleged will, whereupon evidence was offered in its support. When appellants had offered part of their evidence, the hearing was continued until November 8, 1924, when appellants were present with their attorney, prepared to offer evidence showing the invalidity of the will. The hearing was again continued by stipulation until the next succeeding term of the examiner. In the meantime, counsel for appellee orally stated to the examiner that they would offer no further testimony in support of the will. Whereupon the examiner informed counsel for appellants of the notice received from counsel for appellee, and further informed counsel that he "deemed it useless to take further testimony, as he was thoroughly convinced of the invalidity of the will."

The examiner accordingly closed the record, and forwarded it to the Commissioner of Indian Affairs, with the recommendation that the will be disapproved and that appellants be found to be the legal heirs and next of kin of decedent. The record transmitted was silent with reference to the verbal notice given the examiner by counsel for appellee that they did not desire to take further testimony, and also with reference to the verbal notice given counsel for appellants by the examiner to the effect that no further testimony was necessary, as he was convinced of the invalidity of the will.

The Commissioner of Indian Affairs, on December 15, 1925, disregarded the recommendations of the examiner, and submitted a decision to the Secretary of the Interior for approval, holding that the will should be approved. On December 18, 1925, the Secretary approved the decision submitted by the Commissioner, and noted his approval on the will.

On January 12, 1926, appellants filed a motion to reopen and remand the case to the examiner of inheritance, with instruction to complete the record. The motion was based upon alleged fraud in the procurement of the will, the premature closing of the taking of testimony by the examiner, and the approval of the will before the decision of the Secretary became final under the regulations governing the procedure in such matters. A hearing was had, and, while the case was pending for decision, appellee filed the bill in the present case in the Supreme Court of the District of Columbia, naming the Secretary of the Interior and the Commissioner of Indian Affairs as parties defendant, asking the court to enjoin the Secretary and Commissioner from canceling, revoking, or otherwise disturbing the approval given to said will, and requiring them to administer the estate in conformity with the will. The Secretary and Commissioner answered, and on hearing an injunction pendente lite was granted. Appellants procured leave to intervene and file their answer to the bill, whereupon a hearing was had, and the court held that, inasmuch as more than one year had elapsed after the death of the allottee, and before the approval of the will, under section 2 of the Act of February 14, 1913 (25 USCA § 373), the Secretary, when he affixed his approval to the will, exhausted his jurisdiction and was without power to set aside

the approval for any cause. Accordingly a final decree enjoining the defendants from further proceeding with the case was entered. From that decree the present appeal was prosecuted.

Section 2 of the Act of February 14, 1913, provides as follows: "That any persons of the age of twenty-one years having any right, title, or interest in any allotment held under trust or other patent containing restrictions on alienation or individual Indian moneys or other property held in trust by the United States shall have the right prior to the expiration of the trust or restrictive period, and before the issuance of a fee simple patent or the removal of restrictions, to dispose of such property by will, in accordance with regulations to be prescribed by the Secretary of the Interior: Provided, however, that no will so executed shall be valid or have any force or effect unless and until it shall have been approved by the Secretary of the Interior: Provided further, that the Secretary of the Interior may approve or disapprove the will either before or after the death of the testator, and in case where a will has been approved and it is subsequently discovered that there has been fraud in connection with the execution or procurement of the will the Secretary of the Interior is hereby authorized within one year after the death of the testator to cancel the approval of the will, and the property of the testator shall thereupon descend or be distributed in accordance with the laws of the state wherein the property is located."

Counsel for appellee, interpreting the language of the statute limiting the jurisdiction of the Secretary to cancel the approval of a will to one year after the death of the testator, ground their case upon the single broad assertion that, "whatever the facts of fraud touching the procurement of this will were or might have been, whatever they were as proved or might have been proved, the statute seals them in silence and forbids all consideration of them."

[1] We think, before applying so harsh a rule, the intent of Congress in the enactment of the statute and the rules made by the department for carrying the requirements of the statute into effect are to be considered, in determining the scope of the authority vested in the Secretary over restricted Indian estates. Section 2 of the act above quoted contains the following provision: "That the approval of the will and the death of the testator shall not operate to terminate the trust or restrictive period, but the Secretary of the Interior may, in his discretion, cause the lands to be sold and the money derived therefrom, or so much thereof as may be necessary, used for the benefit of the heir or heirs entitled thereto, remove the restrictions, or cause patent in fee to be issued to the devisee or devisees and pay the moneys to the legatee or legatees either in whole or in part from time to time as he may deem advisable, or use it for their benefit."

Section 35 of the regulations promulgated by the Secretary to be followed in carrying out the provisions of the statute relating to the determination of heirs and approval of wills, among other things, provides as follows: "The examiner, superintendent, or other officer, before submitting a will, shall inquire fully into the mental competency of the Indian; the circumstances attending the execution of the will; the influences which induced its execution; and the names of those entitled to share in the estate under the state law of descent. * * * The competency of all devisees and legatees to manage their own affairs should be investigated; and note should be made if any beneficiary under the will is a white person not of Indian blood. The examiner or superintendent, in submitting the will of a deceased Indian, should make a specific recommendation as to whether the will should be approved or disapproved by the Secretary."

Section 36 of the regulations provides that the approval of the Secretary may be made only "after a due and proper hearing, * * * at which hearing the circumstances attendant upon the execution of said will shall have been fully shown by proper and creditable testimony, and after the legal heir or heirs have had ample opportunity to object to the will and its approval."

Section 29 provides for the reopening of a case, where any interested party believes that his interest has not been properly protected, and, in case of reopening, section 30 provides the following procedure: "The adverse parties will then be granted 15 days after the receipt of the aforesaid notice or motion for rehearing, and copies of evidence and testimony submitted, in which to file a brief. The party making the motion will then be granted 15 days in which to file a brief in behalf of his contention, unless a prima facie case has not been made out in support of the applicant's motion."

[2, 3] The motion for rehearing in the present case was made within time, and the consideration of it by the Secretary was interrupted by the bringing of the present suit. The question was therefore squarely presented whether the Secretary possessed ju-

risdiction to determine whether or not the approval of the will had been mistakenly given, and whether or not, due to the omissions in the record, as a question of first instance before him, the hearing before the examiner had been conducted in accordance with the statute and the rules as herein set forth. We think, considering the scope of the jurisdiction conferred upon the Secretary over the restricted estates of Indians, that a liberal rule of interpretation should be adopted for the proper administration of such estates.

[4, 5] The limitation in the statute relates exclusively to fraud, and, being a statute of limitations, it should be strictly construed, and under no circumstances should its scope be enlarged beyond the strict limitation of the language employed. The object of the rehearing sought in the present case is not based upon fraud. It is based upon the failure of the examiner to properly conduct the hearing in the manner required by the statute and by the regulations. It is alleged that it was through this error of the examiner, which did not appear in the record, that the Secretary was mistakenly led into the approval of the will. The object of the rehearing, therefore, is not based upon any averment of fraud, but solely upon the question of whether or not, after the mistake of the examiner is corrected and further testimony taken, the approval entered by the Secretary shall stand or fall.

The duty of the examiner is clearly defined under the regulations, which require a complete investigation of the mental capacity of the testator at the time of the making of the will, and of the influences to which she may have been subjected at the time, as well as the ascertainment of the legal heirs to her estate. He was required likewise to give a full and complete hearing to all parties interested, which it seems was not accorded in this case. It is to correct this error, independent of any question of fraud, that it is sought to reopen the case and bring to the attention of the Commissioner and the Secretary a full and complete record upon which it may be determined whether the will should be approved or disapproved.

It will be observed, from the statute and the regulations, that the Secretary is given wide jurisdiction in the control and management of these restricted Indian estates. We think there can be no doubt of the power of the Secretary to grant a rehearing in this case. For example, let it be assumed that an examiner, after a hearing in which the evidence clearly established the infirmity of a will, by mistake failed to transmit that evidence to the Secretary. Could it be successfully contended that, after a decision based upon the defective evidence, the Secretary would be powerless to grant a rehearing upon a showing that such error was due to a pure mistake of the examiner? If the Secretary would have jurisdiction in the supposed case, why not in this? His action was based upon a record not prepared in conformity with his regulations, and hence not forming a proper basis for a decision.

We are therefore of the opinion that, inasmuch as fraud is not the basis upon which the reopening of the case is sought, it is clearly within the jurisdiction of the Secretary to set aside his order of approval and remand the case for the taking of further testimony, in order that he may have before him a complete record upon which to base his final decision. It follows that, pending these proceedings, the court is without jurisdiction in the premises.

The decree is reversed, with costs, and the cause is remanded, with directions to enter a decree dismissing the bill.